UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTON D. HAMILTON, JR., | ) | CASE NO. 1:07 CV 509 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| STATE OF OHIO, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On February 22, 2007, pro se plaintiff Anton D. Hamilton, Jr. filed this civil rights action against the State of Ohio, Lake County, Lake County Prosecutors Vincent A. Culotta, Mark J. Bartolotta, and Charles E. Coulson, Lake County Court of Common Pleas Judge Richard L. Collins, Jr., Attorneys Jason Davidoff and Michael K. Astrab, Painesville Police Officer David Luhta, and the City of Painesville. In the complaint, plaintiff asserts that his conviction for murder violated his constitutional rights. He seeks "between [$] 850,000.00...and...[$] 5,000,000.00... in civil damages." (Compl. at 6.)

**Background**

Mr. Hamilton was convicted of murdering his grandfather, Melvin Hamilton, on May

10, 1999. See State of Ohio v. Hamilton, No. 2004-L-042, 2005 WL 2296572 (Ohio 11th Dist. App. Ct. Sept. 16, 2005).[1] Anton Hamilton lived at his grandfather's house periodically. He had been staying at the residence on the weekend of May 7, 1999 but had agreed to vacate the home on the day that Melvin Hamilton was murdered. Id.

The events of the day of the murder were in dispute. The police produced a statement from the victim's fiancé, Sandra Lawrence, reporting that Melvin Hamilton was at her house when she arrived home at 8:30 p.m. Id. at * 1. The statement indicated that he was returning a truck he had borrowed from her son-in-law. Ms. Lawrence claimed she and Melvin Hamilton talked until 8:45 p.m. when he departed. Melvin Hamilton then went to a local Perkins restaurant. Id. The waitress remembered Melvin Hamilton and stated that he ordered a carry-out dinner at 8:58 p.m. and paid for that order at 9:14 p.m. Id. Melvin Hamilton did not arrive for work the next day. His family became concerned and went to his home where they discovered his body in his upstairs bedroom. Id. He died of a gunshot wound. The house was locked and there were no signs of a forced entry. The murder weapon, a .38 caliber gun, was found near the victim. Id. It was determined to be one of the guns from the victim's own collection. A latent finger print was discovered on the murder weapon. It was matched to Anton Hamilton, Jr. Id. at *2. Anton Hamilton, Jr. was interviewed by the police. He told them that he went to his grandfather's house at 8:30 p.m. to pick up some of his clothes. Id. He indicated that his grandfather sat on the couch watching television while he packed his bags. Id. He claims he locked the door on his way out of

---

[1] The information obtained from the decision of the Eleventh District Court of Appeals is used solely to provide a factual background for Mr. Hamilton's legal assertions. It did not influence in any way the outcome of this opinion.

2

the house at the request of his grandfather.  He further stated to the police that he had handled some of his grandfather's guns in the past, but could not remember whether he had ever handled the .38 caliber weapon.

In 1999, a jury trial was held, and the jury returned a guilty verdict on the murder charge.  Mr. Hamilton was sentenced to fifteen years to life imprisonment.  Id. at *3.  He appealed that judgment and the Ohio Eleventh District Court of Appeals reversed and remanded the matter for a new trial based on improper evidentiary rulings.  Mr. Hamilton was retried and convicted for a second time in 2004.  He was again sentenced to fifteen years to life imprisonment.  Id. This conviction was upheld on appeal.

Mr. Hamilton has now filed this civil action challenging that conviction.  He claims the defendants withheld exculpatory evidence from the grand jury which may have swayed their decision to indict him.  He claims that a witness described seeing a man in the area of the murder who did not resemble Mr. Hamilton.  He claims Sandra Lawrence's original statement to police was lost "due to its exculpatory value." (Compl. at 2.)  He contends that police fabricated the purported statement of Ms. Lawrence which was introduced at trial.  He states that the prosecutors knowingly used perjured testimony at his second trial.  He indicates that he was not issued a copy of the arrest warrant nor was he provided with a transcript of "of [the] warrant for arrest hearing held on May 18, 1999." (Compl. at 2.)  He claims he was not permitted to have a transparency of the finger print found on the murder weapon so that it could be compared to fingerprints in a national data base. He requests that this court "acknowledge the violations to the United States Constitutional Amendments, Codes and other federal statutes violated by defendants" and award him damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994).  The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief.  Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Mr. Hamilton's claims, if found to have merit, would clearly call into question the validity of his conviction.  As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision.  His conviction was upheld by the Ohio courts.  His federal habeas corpus petition is currently pending

---

[2]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

before United States District Judge Jack Zouhary. Because Mr. Hamilton's conviction has not been overturned, this action cannot proceed.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: April 19, 2007

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5